# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA
# WAYCROSS DIVISION

JOHN RENARD NASHID,

    Plaintiff,

v.

ROBERT JAMES, et al.,

    Defendants.

CIVIL ACTION NO.: 5:17-cv-102

## **ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Plaintiff, currently incarcerated at Ware State Prison in Waycross, Georgia, filed this cause of action pursuant to 42 U.S.C. § 1983, contesting the criminal proceedings against him. (Docs. 1, 9.) For the reasons that follow, the Court **DENIES** Plaintiff's Motions for Leave to Proceed *in Forma Pauperis*. (Docs. 2, 10.) Furthermore, I **RECOMMEND** the Court **DISMISS with prejudice** Plaintiff's claims against all Defendants, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Plaintiff leave to appeal *in forma pauperis*.[1]

---

[1] A "district court can only dismiss an action on its own motion as long as the procedure employed is fair. . . . To employ fair procedure, a district court must generally provide the plaintiff with notice of its intent to dismiss or an opportunity to respond." Tazoe v. Airbus S.A.S., 631 F.3d 1321, 1336 (11th Cir. 2011) (citations and internal quotations marks omitted). A Magistrate Judge's Report and Recommendation ("R&R") provides such notice and opportunity to respond. See Shivers v. Int'l Bhd. of Elec. Workers Local Union 349, 262 F. App'x 121, 125, 127 (11th Cir. 2008) (indicating that a party has notice of a district court's intent to *sua sponte* grant summary judgment where a magistrate judge issues a report recommending the *sua sponte* granting of summary judgment); Anderson v. Dunbar Armored, Inc., 678 F. Supp. 2d 1280, 1296 (N.D. Ga. 2009) (noting that R&R served as notice that claims would be *sua sponte* dismissed). This R&R constitutes fair notice to Plaintiff that his suit is barred and due to be dismissed. As indicated below, Plaintiff will have the opportunity to present his objections to this finding, and the District Court will review *de novo* properly submitted objections. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; see also Glover v. Williams, No. 1:12-CV-3562-TWT-JFK, 2012 WL 5930633, at *1 (N.D. Ga. Oct. 18, 2012) (explaining that magistrate judge's R&R constituted adequate notice and petitioner's opportunity to file objections provided a reasonable opportunity to respond).

# PLAINTIFF'S ALLEGATIONS[2]

Plaintiff filed this cause of action on August 11, 2017, along with a Motion for Leave to Proceed *in Forma Pauperis*. (Docs. 1, 2.) The Court then ordered Plaintiff to amend his complaint because it referred to non-existent "exhibits" in the fact section and was due to be dismissed in the original form. (Doc. 3.) In his Amended Complaint, Plaintiff makes allegations against twelve different Defendants regarding their involvement in an allegedly unlawful criminal prosecution of him. (Doc. 9.) Plaintiff, a convicted state prisoner, asserts that "[g]overnment agents and employees of the State of Georgia, County of Douglas, County of Gwinnett, and City of Douglasville" breached their duty "to uphold, defend, and protect [his] inalienable rights" in their case against him. (Id. at pp. 4, 5.) Plaintiff avers that Defendants violated a laundry list of federal constitutional and statutory provisions in taking actions against him: Article I § 10; Article III §§ 1, 2; Article VI §§ 2, 3; the First, Fourth, Fifth, Sixth, Seventh, Eighth, and Ninth Amendments; 18 U.S.C. §§ 241, 242, 1001, 1621, 1622, 2381, 2384, 1031, 1341, 1201, 2071, 912, and 994; and 42 U.S.C. §§ 1981, 1983, 1985, and 1986. (Doc. 9-3.)

On October 19, 2000, Plaintiff contends Defendants conspired to fraudulently execute an arrest warrant without probable cause and without having filed "lawful oath[s] of office with the Secretary of State of Georgia."[3] (Doc. 9-5, pp. 1, 4, 5.) This alleged conspiracy continued into Plaintiff's January 2001 trial and though his appeals until May 2002. (Id. at pp. 3–4.) As best the Court can discern, Plaintiff asserts Defendant Judges Emerson, James, and Camp all violated Plaintiff's due process rights and committed fraud against him by signing arrest warrants that

---

[2] The below recited facts are taken from Plaintiff's Amended Complaint, (doc. 9), and are accepted as true, as they must be at this stage.

[3] Plaintiff includes an arrest warrant sworn to by Defendant Officer Davidson and signed by Defendant Judge Emerson that states Plaintiff committed an armed theft at a Family Dollar store in the immediate presence of two witnesses. (Doc. 9-6.) Plaintiff was later convicted by a jury of this and other crimes stemming from the armed theft. See Nashid v. State, 609 S.E.2d 106, 108 (Ga. Ct. App. 2004).

lacked probable cause and by failing to inform Plaintiff of the charges against him. (Doc. 9-4, pp. 1, 2, 4; Doc. 9-5, pp. 1–4.) Plaintiff asserts Defendant District Attorney McDade falsely imprisoned Plaintiff and unlawfully prosecuted him without probable cause and due process. (Doc. 9-4, p. 3.) Plaintiff asserts Defendant Deputy Taylor falsely identified him as the perpetrator and provided false eye witness testimony, (doc. 9-4, p. 5; doc. 9-5, p. 5), and Defendant Officer Davidson failed to provide an affidavit and gave false information in establishing probable cause, (doc. 9-4, pp. 1–2; doc. 9-5, pp. 1–2.) Lastly, Plaintiff asserts Defendants the State of Georgia, Douglas County, Gwinnett County, Douglas County Superior Court, City of Douglasville, and City of Tucker, all entities within Georgia, were involved in the conspiracy to deprive Plaintiff of his federal rights by arresting and prosecuting him without probable cause and due process. (Doc. 9-4, pp. 5–6; Doc. 9-5, pp. 4–5.)

Plaintiff states this alleged conspiracy against him has caused him "moral wrongs, slander of name and character," has hurt his family, and deprived him of medical care. (Doc. 9, p. 5.) As relief, Plaintiff requests $26,000,000.00, which he claims Defendants have already agreed to pay. (Id. at pp. 5, 7.)

## STANDARD OF REVIEW

Plaintiff seeks to bring this action *in forma pauperis* under 42 U.S.C. § 1983. Under 28 U.S.C. § 1915(a)(1), the Court may authorize the filing of a civil lawsuit without the prepayment of fees if the plaintiff submits an affidavit that includes a statement of all of his assets and shows an inability to pay the filing fee and also includes a statement of the nature of the action which shows that he is entitled to redress. Even if the plaintiff proves indigence, the Court must dismiss the action if it is frivolous or malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(i)–(ii). Additionally, pursuant to 28 U.S.C.

§ 1915A, the Court must review a complaint in which a prisoner seeks redress from a governmental entity. Upon such screening, the Court must dismiss a complaint, or any portion thereof, that is frivolous or malicious, or fails to state a claim upon which relief may be granted or which seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

When reviewing a Complaint on an application to proceed *in forma pauperis*, the Court is guided by the instructions for pleading contained in the Federal Rules of Civil Procedure. See Fed. R. Civ. P. 8 ("A pleading that states a claim for relief must contain [among other things] . . . a short and plain statement of the claim showing that the pleader is entitled to relief."); Fed. R. Civ. P. 10 (requiring that claims be set forth in numbered paragraphs, each limited to a single set of circumstances). Further, a claim is frivolous under Section 1915(e)(2)(B)(i) "if it is 'without arguable merit either in law or fact.'" Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002) (quoting Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001)).

Whether a complaint fails to state a claim under Section 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). Thompson v. Rundle, 393 F. App'x 675, 678 (11th Cir. 2010). Under that standard, this Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). A plaintiff must assert "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. Twombly, 550 U.S. at 555. Section 1915 also "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and

4

dismiss those claims whose factual contentions are clearly baseless." Bilal, 251 F.3d at 1349 (quoting Neitzke v. Williams, 490 U.S. 319, 327 (1989)).

In its analysis, the Court will abide by the long-standing principle that the pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed. Haines v. Kerner, 404 U.S. 519, 520 (1972); Boxer X v. Harris, 437 F.3d 1107, 1110 (11th Cir. 2006) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys . . . .") (quoting Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003)). However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules. McNeil v. United States, 508 U.S. 106, 113 (1993) ("We have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

## DISCUSSION

### I. Dismissal under Heck v. Humphrey and the Rooker-Feldman Doctrine

Even if Plaintiff could plausibly allege claims absent the immunity principles, dearth of factual allegations, and statute of limitations discussed below, most devastating to his Section 1983 action as to all Defendants, is that it fundamentally concerns the criminal process by which he was adjudicated. Simply, Plaintiff's complaints about the alleged conspiracy that transpired to his present incarceration are barred by Heck v. Humphrey and the Rooker-Feldman doctrine.

Plaintiff's Amended Complaint centers on his arrest, prosecution, and adjudication by Defendants. Plaintiff alleges that each Defendant played an unlawful role in a conspiracy to convict him without probable cause and without due process. (Docs. 9-4, 9-5.) Further, Plaintiff alleges certain unnamed officials with Defendants the State of Georgia, Douglas County, Gwinnett County, Douglas County Superior Court, City of Douglasville, and City of Tucker,

also deprived him of federal rights in this alleged conspiracy against him. (Id.) However, even assuming the truth of these "clearly baseless" claims, Plaintiff has not shown that his conviction has been reversed, expunged, invalidated, called into question by a federal court's issuance of a writ of habeas corpus, or otherwise overturned. As such, this Court is precluded from reviewing Plaintiff's alleged conspiracy claims by the decision in Heck v. Humphrey, 512 U.S. 477 (1994).

In Heck, a state prisoner filed a Section 1983 damages action against the prosecutors and investigator in his criminal case for their actions which resulted in his conviction. The United States Supreme Court analogized the plaintiff's claim to a common-law cause of action for malicious prosecution, which requires as an element of the claim that the prior criminal proceeding be terminated in favor of the accused. 512 U.S. at 484. The Supreme Court reasoned:

> We think the hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments applies to § 1983 damages actions that necessarily require the plaintiff to prove the unlawfulness of his conviction or confinement, just as it has always applied to actions for malicious prosecution (footnote omitted).
>
> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, (footnote omitted), <u>a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus</u>, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Id. at 486–87 (emphasis added).

Under Heck, a plaintiff who is attempting "to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," must make a showing that his conviction, sentence, or other criminal judgment was reversed, expunged, declared invalid by an appropriate state tribunal, or called into question in a federal court's issuance of a writ of habeas corpus. Id. If a plaintiff fails to make this showing, then he cannot bring an action under Section 1983. Id. at 489. Furthermore, to the extent a plaintiff contends that a favorable ruling on his claims would not invalidate his conviction, sentence, confinement, or other criminal judgment, the burden is on the plaintiff to prove this contention in order for his claims to proceed. Id. at 487. Although Heck involved a claim brought under 42 U.S.C. § 1983 for money damages, Heck's holding has been extended to claims seeking declaratory or injunctive relief as well as money damages. See Wilkinson v. Dotson, 544 U.S. 74, 81–82 (2005); Abella v. Rubino, 63 F.3d 1063, 1066 (11th Cir. 1995); see also Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) ("[W]e hold today that when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus."); Desravines v. Fla. Dep't of Fin. Servs., No. 6:11-CV-235-ORL-22, 2011 WL 2292180, at *3 (M.D. Fla. May 23, 2011), *report and recommendation adopted by* 2011 WL 2222170 (M.D. Fla. June 8, 2011) (citing Gray v. Kinsey, No. 3:09-cv-324/LC/MD, 2009 WL 2634205, at *9 (N.D. Fla. Aug. 25, 2009) ("Under this standard, it is not unusual for a § 1983 claim to be dismissed for failure to satisfy Heck's favorable termination requirement."); Domotor v. Wennet, 630 F. Supp. 2d 1368, 1379 (S.D. Fla. 2009) ("allowing the plaintiff to circumvent applicable state procedures and collaterally attack her convictions in federal court is

the precise situation that Heck seeks to preclude" when plaintiff entered into a plea agreement with knowledge of substantially all of the allegations that now form the basis of a Section 1983 action for damages); Cooper v. Georgia, No. CV413-091, 2013 WL 2253214, at *2 (S.D. Ga. May 22, 2013), *report and recommendation adopted by* 2013 WL 2660046 (S.D. Ga. June 11, 2013); Brown v. Renfroe, No. CV210-003, 2011 WL 902197, at *2 (S.D. Ga. Jan. 25, 2011), *report and recommendation adopted by* 2011 WL 892359 (S.D. Ga. Mar. 9, 2011), *aff'd sub nom.*, Brown v. Coleman, 439 F. App'x 794 (11th Cir. 2011).

In this case, Plaintiff has not shown favorable termination of his conviction or sentence. In fact, Plaintiff shows that he is a convicted prisoner of the State of Georgia and has attached the signed arrest warrant from his case. (Doc. 9, p. 4; Doc. 9-6.) Plaintiff's chief complaint is that he was allegedly arrested and convicted without probable cause and due process, and fell victim to Defendants' conspiracy to unlawfully imprison him. (Docs. 9, 9-4, 9-5.) Accordingly, the Heck decision unquestionably precludes Plaintiff's claims.

Additional grounds also support dismissal, to the extent Plaintiff desires the Court to review any underlying criminal conviction. Pursuant to the Rooker-Feldman doctrine, the Court is without jurisdiction over Plaintiff's claims, which essentially seek review of a state-court criminal charge against him. "The Rooker-Feldman doctrine derives from Rooker v. Fidelity Trust Company, 263 U.S. 413 (1923), and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983), and provides that, as a general matter, federal district courts lack jurisdiction to review a final state court decision." McCorvey v. Weaver, No. 15-10470, 2015 WL 5751756, at *1 (11th Cir. Oct. 2, 2015). "Rooker-Feldman applies because, among the federal courts, Congress authorized only the Supreme Court to reverse or modify a state court decision." Helton v. Ramsay, 566 F. App'x 876, 877 (11th Cir. 2014) (citing Exxon Mobil Corp.

v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005) (holding that Rooker-Feldman precludes "state-court losers [from] complaining of injuries caused by state-court judgements rendered before the [federal] district court proceedings commenced and inviting [federal] district court review and rejection of those judgments."). Because Plaintiff, through this Section 1983 action, essentially asks this Court to invalidate the conviction and sentence he is currently serving at Ware State Prison in Waycross, Georgia, this Court lack jurisdiction.

For these reasons, the Court should **DISMISS** Plaintiff's claims in their entirety.

## II.  Dismissal under the Statute of Limitations

Plaintiff is time barred under the applicable statute of limitations. Plaintiff raises this Section 1983 action asserting the violation of a litany of federal constitutional and statutory rights, but his claim is precluded by Georgia's statute of limitations. Constitutional claims brought pursuant to Section 1983 "are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought." Powell v. Thomas, 643 F.3d 1300, 1303 (11th Cir. 2011). Georgia has a two-year statute of limitations for personal injury actions. O.C.G.A. § 9-3-33. Although state law determines the applicable statute of limitations, "[f]ederal law determines when the statute of limitations begins to run." Lovett v. Ray, 327 F.3d 1181, 1182 (11th Cir. 2003). As a general rule, "the statute of limitations does not begin to run until the facts which would support a cause of action are apparent or should be apparent to a person with a reasonably prudent regard for his rights." Id. "To dismiss a prisoner's complaint as time-barred prior to service, it must appear beyond a doubt from the complaint itself that the prisoner can prove no set of facts which would avoid a statute of limitations bar.'" Moore v. Chamberlain, 559 F. App'x 969, 970 (11th Cir. 2014) (citing Hughes v. Lott, 350 F.3d 1157, 1163 (11th Cir. 2003)).

While Plaintiff complains of his present incarceration, Plaintiff describes relevant events occurring no later than May 2002. Plaintiff's Amended Complaint makes clear that the operative date in this case is October 2000, when Defendants allegedly began implementing their conspiracy against him by arresting him on an invalid warrant. (Doc. 9-5.) However, Plaintiff does not allege that he was unaware of the facts surrounding his claims at that time, nor does he allege any facts to suggest he discovered this information at a later date. The very nature of his wrongful arrest and conviction claims belie any assertion that Plaintiff was unaware of the facts surrounding them at that time. Therefore, as best Plaintiff can plausibly contend, the statute of limitations began to run in May 2002, the latest date Plaintiff claims the relevant events occurred. Because Plaintiff did not file his original Complaint in this case until August 11, 2017, more than fifteen years after the event in question, Plaintiff's Section 1983 action was untimely filed pursuant to the applicable two-year statute of limitations period. Given the specific dates alleged and the significant passage of time since the events in question occurred, Plaintiff's Amended Complaint makes clear that his action is time barred.

Thus, the applicable statute of limitations provides independent, additional grounds for the Court to **DISMISS** Plaintiff's Section 1983 claims against all Defendants.

### III. Dismissal under Judicial Immunity

Judicial immunity also bars Plaintiff's claims against Defendant Judges Emmerson, James, and Camp. Congress did not abrogate the doctrine of judicial immunity when it enacted Section 1983. Judicial immunity is an absolute immunity, and it applies even when a judge acts maliciously. Bolin v. Story, 225 F.3d 1234, 1239 (11th Cir. 2000) ("Judges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the clear absence of all jurisdiction."); Stump v. Sparkman,

435 U.S. 349, 356 (1978) (holding judicial immunity doctrine applies in Section 1983 actions). Absolute immunity not only protects against liability but also against a case going to trial at all. Harris v. Deveaux, 780 F.2d 911, 914 (11th Cir. 1986) (citing Mitchell v. Forsyth, 472 U.S. 511, 526 (1985)). To determine whether a judge is entitled to absolute immunity from money damages under Section 1983, a two-part test was established in Stump: 1) whether the judge dealt with the plaintiff in a judicial capacity; and 2) whether the judge acted in the "clear absence of all jurisdiction." Id. (quoting Stump, 435 U.S. at 357). The second prong of this test is "only satisfied if a judge completely lacks subject matter jurisdiction." Id. at 916.

Plaintiff ostensibly complains about the actions of Defendant Judges Emerson, James, and Camp in their capacities as judicial officials in a case that was pending before them in which Plaintiff was a named party. Nevertheless, Plaintiff fails to make any claim whatsoever that Defendant Judges acted in the clear absence of jurisdiction, especially in light of the fact Plaintiff showed he was arrested pursuant to a sworn warrant. Further, Plaintiff's conclusory allegations that these state court judges acted without establishing subject matter jurisdiction under the federal constitution, (doc. 9-5, pp. 3, 4), are nonsensical and without merit. Consequently, judicial immunity principles provide independent, additional grounds for the Court to **DISMISS** Plaintiff's Section 1983 claims against Defendants Emerson, James, and Camp.

**IV.    Dismissal under Prosecutorial Immunity**

Likewise, the Supreme Court has repeatedly reiterated that Section 1983 did not abrogate the doctrine of absolute prosecutorial immunity. See, e.g., Van de Kamp v. Goldstein, 555 U.S. 335, 342 (2009). "Today, absolute prosecutorial immunity extends to 'acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State.'" Favors-Morrell v. United States, No. CV

214-164, 2015 WL 3766853, at *3 (S.D. Ga. June 15, 2015) (quoting Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993)); see also Rivera v. Leal, 359 F.3d 1350, 1353 (11th Cir. 2004) ("A prosecutor is entitled to absolute immunity from suit for all actions he takes while performing his function as an advocate for the government.").

Plaintiff's putative claims against Defendant District Attorney McDade pertain to his actions as an advocate for the State of Georgia and concern prosecutorial functions that are intimately associated with the judicial phase of the prosecution. See Van de Kamp, 555 U.S. at 342 (citing Kalina v. Fletcher, 522 U.S. 118, 127, 130 (1997)). Accordingly, the doctrine of sovereign immunity provides the Court with independent, additional grounds for the Court to **DISMISS** Plaintiff's claims against Defendant McDade.

## V. Dismissal under Eleventh Amendment Immunity

Plaintiff's monetary damages claims against Defendants the State of Georgia, Douglas County Superior Court, and Deputy Taylor in his official capacity are barred by sovereign immunity under the Eleventh Amendment. The State of Georgia is directly protected by sovereign immunity, and Douglas County Superior Court, as a division of the State of Georgia, is also protected by sovereign immunity because a suit against it would be the same as a suit against the State of Georgia. Likewise, Deputy Taylor is immune from suits in his official capacity as an employee of the Douglas County Sheriff's Department, an arm of the State of Georgia.

"The Eleventh Amendment insulates a state from suit brought by individuals in federal court unless the state either consents to suit or waives its Eleventh Amendment immunity." Stevens v. Gay, 864 F.2d 113, 114 (11th Cir. 1989) (footnote omitted) (citing Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 98–100 (1984)). A lawsuit against a state agency or

employee in its official capacity is no different from a suit against a state itself; such a defendant is immune. Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989). In enacting Section 1983, Congress did not intend to abrogate "well-established immunities or defenses" under the common law or the Eleventh Amendment. Id. at 67. Arms or agencies of the state, such as the Superior Courts and the Department of Corrections, are therefore immune from suit. See Alabama v. Pugh, 438 U.S. 781, 782 (1978) (per curiam) ("There can be no doubt, however, that suit against the State and its Board of Corrections is barred by the Eleventh Amendment, unless [Georgia] has consented to the filing of such a suit."); Edelman v. Jordan, 415 U.S. 651, 663 (1974); Pugh v. Balish, 564 F. App'x 1010, 1013 (11th Cir. 2014) ("In addition, the Eleventh Amendment bars [plaintiff's] claims against the [superior court judge], since [plaintiff] is suing a state official, in federal court, for damages resulting from actions taken by the judge in his official capacity."); Stevens, 864 F.2d at 115 (Georgia Department of Corrections is barred from suit by Eleventh Amendment); see also Manders v. Lee, 338 F.3d 1304, 1328–29 (11th Cir. 2003) (finding that Georgia Sheriffs are arms of the state in their official capacities and immune from monetary damages under the Eleventh Amendment).

Because the State of Georgia is being sued and because it would be the real party in interest in a suit against the Douglas County Superior Court and Deputy Taylor, the Eleventh Amendment immunizes these Defendants from suit. Thus, Eleventh Amendment sovereign immunity principles provide independent, additional grounds for the Court to **DISMISS** Plaintiff's Section 1983 claims against Defendants the State of Georgia, Douglas County Superior Court, and Taylor in his official capacity.

## VI. Dismissal under Federal Rule of Civil Procedure 8(a)(2)

Federal Rule of Civil Procedure 8(a)(2) requires a pleading to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While a plaintiff need not provide detailed factual allegations, a complaint is insufficient if it offers no more than "labels and conclusions," or "an unadorned, the defendant-unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678 (citations omitted). Here, even construing Plaintiff's Complaint liberally, he fails to state a claim against Defendants the State of Georgia, Douglas County, Gwinnett County, Douglas County Superior Court, City of Douglasville, and City of Tucker. Plaintiff makes no factual allegations against these Defendants in his Amended Complaint. Plaintiff's only allegations against these Defendants are nothing more than conclusory assertions that they violated law; he fails to include any specific information such as which agents with these Defendants violated the law and fails to include any factual details to support his many legal conclusions. See (Doc. 9-4, pp. 5–6; Doc. 9-5, pp. 4–5.)

Accordingly, Plaintiff's failure to state a claim upon which relief can be granted provides the Court with independent, additional grounds for the Court to **DISMISS** Plaintiff's claims against Defendants the State of Georgia, Douglas County, Gwinnett County, Douglas County Superior Court, City of Douglasville, and City of Tucker. See Anderson v. Fulton Cty. Gov't, 485 F. App'x 394 (11th Cir. 2012) (dismissal proper where plaintiff failed to describe any specific allegations against defendant).

## VII. Leave to Appeal *in Forma Pauperis*

The Court should also deny Plaintiff leave to appeal *in forma pauperis*.[4] Though Plaintiff has, of course, not yet filed a notice of appeal, it would be appropriate to address these

---

[4] A certificate of appealability is not required in this Section 1983 action.

issues in the Court's order of dismissal. Fed. R. App. P. 24(a)(3) (trial court may certify that appeal is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3). Good faith in this context must be judged by an objective standard. Busch v. Cty. of Volusia, 189 F.R.D. 687, 691 (M.D. Fla. 1999). A party does not proceed in good faith when he seeks to advance a frivolous claim or argument. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless. Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). An *in forma pauperis* action is frivolous, and thus not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's action, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith. Thus, the Court should **DENY** Plaintiff *in forma pauperis* status on appeal.

## CONCLUSION

For the reasons set forth above, the Court **DENIES** Plaintiff's Motions for Leave to Proceed *in Forma Pauperis*. (Docs. 2, 10.) Furthermore, I **RECOMMEND** the Court **DISMISS with prejudice** Plaintiff's claims against all Defendants, **DIRECT** the Clerk of Court to **CLOSE** this case and enter the appropriate judgment of dismissal, and **DENY** Plaintiff leave to appeal *in forma pauperis*.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within fourteen (14) days of the date on which this Report and Recommendation is entered. Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included. Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985). A copy of the objections must be served upon all other parties to the action. The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge. Objections not meeting the specificity requirement set out above will not be considered by a District Judge. A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a District Judge. The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon Plaintiff.

**SO ORDERED** and **REPORTED and RECOMMENDED**, this 26th day of February, 2018.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA